UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LATUWAN A. PARTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01618-JMS-KMB |
| | ) | |
| MATTHEW PERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff filed this action contending that Defendants violated his Eighth Amendment rights during his transport to Correctional Industrial Facility ("CIF") from Miami Correctional Facility ("Miami") when they handcuffed him too tightly, injuring his wrists. Defendants move for summary judgment arguing that Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motion for summary judgment is **GRANTED** and the action is **DISMISSED WITHOUT PREJUDICE.**

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A

court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

After Defendants filed their motion for summary judgment, Mr. Partee was transferred. Dkt. 45. Mr. Partee was given a further opportunity to respond to the motion for summary judgment and did so only by submitting copies of healthcare requests, grievance records, and a notice of tort claim. Dkt. 48. That filing does not comply with the requirements of Rule 56, but the Court has nonetheless reviewed it in ruling on this motion for summary judgment

## II.
### Factual Background

At all times relevant to the claims in this suit, Mr. Partee was incarcerated at CIF, a prison maintained by the Indiana Department of Correction ("IDOC"). Dkt. 38-1 ¶ 4 (Stafford Aff.).

**A. The Grievance Process**

The IDOC has a standardized offender grievance process which was in place during the time Mr. Partee alleges his rights were violated. *Id.* ¶ 5.

IDOC Policy and Administrative Procedures 00-02-301, Offender Grievance Process ("Offender Grievance Process") is the IDOC policy governing the grievance procedure and details how a prisoner must exhaust his administrative remedies using that procedure. Dkt. 38-2. During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. Dkt. 38-2 at 4. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. *See* dkt. 38-1 ¶ 24. Among other things, a formal grievance must be fully completed and must avoid the use of legal terminology. Dkt. 38-2 at 10.

**B. Plaintiff's Participation in the Grievance Process**

On March 25, 2023, Mr. Partee submitted a grievance claiming that his right hand was hurt during his transportation from Miami because his cuffs were too tight. Dkt. 38-5 at 2 (Grievance Records). Mr. Partee explains in that Grievance that he received ibuprofen, but that his hand was still hurting and that he needed to be seen by another doctor. *Id.* He left the relief section blank. *Id.* On March 30, 2023, Grievance Specialist Laura Rasmussen returned Mr. Partee's grievance because he had failed to completely fill out the grievance from. *Id.* Ms. Rasmussen directed Mr. Partee to correct the form and resubmit it. *Id.*

Mr. Partee resubmitted the grievance form and wrote "42 USC 1983" in the relief section. *Id.* at 4. On April 3, 2023, Ms. Rasmussen returned Mr. Partee's grievance explaining that he needed to avoid using legal terminology on his grievance form and that litigation was not an

acceptable form of relief in a grievance. *Id.* Ms. Rasmussen again directed Mr. Partee to correct the form and resubmit it. *Id*. She also sent Mr. Partee the page from the Offender Grievance Policy with the requirement to avoid legal terminology. *Id.* at 6.

Mr. Partee then resubmitted the grievance form and replaced his requested relief to say, "I would like relief for medical." *Id.* at 7. On April 5, 2023, Ms. Rasmussen received the grievance and assigned it Grievance #153779. Dkt. 38-1 ¶ 50. Because of its medical nature Ms. Rasmussen forwarded the grievance to Health Service Administrator Gobber. *Id.* 38-1 ¶ 51; dkt. 38-5 at 8. It was determined that Mr. Partee was receiving medical care, and Mr. Partee was informed he could submit additional health care requests. Dkt. 35-8 at 8. Mr. Partee indicated that he disagreed with the response and filed a first level appeal. *Id.* at 9. (Filing No. 38-5 at 8). On April 17, 2023, the Warden/designee found the level one response to be appropriate and denied the appeal. *Id.* Mr. Partee never submitted a final appeal to the Department Offender Grievance Manager. Dkt. 38-1 ¶ 55.

### III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative

rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Partee] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). Defendants have designated evidence that Mr. Partee filed a grievance and an appeal to the Warden regarding his injured wrists but filed no final appeal to the Department Offender Grievance Manager.[1] Dkt. 35-1 ¶ 55. Mr. Partee's submission contains no evidence to dispute these facts. It is therefore undisputed that Mr. Partee did not complete the grievance process.

In short, Mr. Partee did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Defendants must be dismissed without prejudice. *Id.*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the above reasons, Defendants' unopposed motion for summary judgment, dkt. [38], is **GRANTED**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 4/21/2025

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1] Defendants also explain that, because Mr. Partee asked for treatment for his injuries, his grievance was properly treated as a medical grievance and argue that Mr. Partee did not file any grievances that would put them on notice of his claim that they handcuffed him too tightly during the transport. Dkt. 39 at 14. Because they are entitled to summary judgment because Mr. Partee never filed a final level appeal, the Court need not address this argument.

Distribution:

LATUWAN A. PARTEE
245441
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Alexander Thomas Myers
Office of Indiana Attorney General
alexander.myers@atg.in.gov

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov